IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

THOMAS WESLEY DEBEAORD-GRIFFIN                                           PLAINTIFF

vs.                                      Civil No. 3:21-cv-03044

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                  DEFENDANT

### MEMORANDUM OPINION

Thomas Wesley Debeaord-Griffin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.   Background:**

Plaintiff protectively filed his disability applications on June 21, 2019.  (Tr. 19).  In these applications, Plaintiff alleges a disability onset date of March 1, 2018.  (Tr. 15).  In these applications, Plaintiff alleges being disabled due to a vision issue in his right eye (stroke in eye),

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11.  These references are to the page number of the transcript itself not the ECF page number.

chronic migraines, hypertension, asthma, chronic pain, and memory issues. (Tr. 208). These applications were denied initially on September 3, 2019, and these applications were denied again upon reconsideration on October 23, 2019. (Tr. 15).

Plaintiff then requested an administrative hearing, and this hearing request was granted. (Tr. 32-67). Plaintiff's administrative hearing was held on August 14, 2020, and the hearing was held in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff, a witness for Plaintiff, and a Vocational Expert ("VE") testified. *Id.* During this hearing, Plaintiff testified he was born on August 7, 1980, and he was forty (40) years old on the date of the hearing. (Tr. 36). Such a person is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) and 20 C.F.R. § 416.963(c) (2008). Plaintiff also testified he got his GED and "some trade school training." (Tr. 36).

On November 27, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 12-31). The ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2020. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 2018, his alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: migraines, asthma, and hypertension. (Tr. 18, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective allegations and determined his Residual Functional Capacity ("RFC"). (Tr. 19-25, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently climb, balance, crawl, kneel, stoop and crouch.  He must avoid concentrated exposure to pulmonary irritants like dusts, odors and gases.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW.  (Tr. 25, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 25-26, Finding 10).  Considering his RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) collator operator (light, unskilled) with approximately 46,000 such jobs in the nation; (2) photo copy machine operator (light, unskilled) with approximately 14,000 such jobs in the nation; and (3) cotton classer aide (light, unskilled) with approximately 2,000 such jobs in the nation.  *Id.*

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 1, 2018, his alleged onset date, through the date of the ALJ's decision or through December 2, 2020.  (Tr. 26-27, Finding 11).  Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination, and this request was denied.  (Tr. 1-6).  On June 10, 2021, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on June 10, 2021.  ECF No. 6.  This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff raises one claim for reversal: the ALJ erred in assessing his depression. ECF No. 13 at 5-8. Specifically, the ALJ alleges the following: "The ALJ erred by failing to order a consultative psychological/mental diagnostic examination. Though the claimant did not initially allege depression, he did allege significant depression at the hearing, and the medial records further revealed this as an impairment, putting the ALJ on notice that this was alleged as part of this man's disability. Consultative mental exams are routine in most of these cases and there was no reason not to properly develop the record in this regard." *Id.* Because this is the only argument Plaintiff raised, the Court will only consider this issue.

In essence, Plaintiff's entire claim is that the ALJ failed to fulfill his duty of fully and fairly developing the record regarding his depression. (Tr. 18-19). Upon review of this claim, however, the Court finds Plaintiff is not entitled to reversal on this issue. While Plaintiff is correct the ALJ had the duty to fully and fairly develop the record in this case, that duty is not without limits. *See, e.g., Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004) (recognizing the ALJ's duty develop the record in a social security disability case). Indeed, the record need only be a "reasonably

5

complete record." *See Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, upon review of the transcript in matter, the Court finds this record is "reasonably complete." Furthermore, to be entitled to a remand for the ALJ's failure to develop the record, Plaintiff must demonstrate prejudice. Here, Plaintiff has not made this demonstration; thus, he is not entitled to a remand. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent prejudice or unfairness, we will not remand.").

### 4. Conclusion:

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE